# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN WALSH, III, | : | Civil No. 3:16-CV-1007 |
| | : | |
| Plaintiff, | : | (Judge Kosik) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| PROCTOR AND GAMBLE, et al., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case

The plaintiff, John Walsh is a frequent, albeit frequently unsuccessful, *pro se* litigant. Indeed, Walsh is the author of more than 30 quixotic *pro se* lawsuits filed with this Court during the past several years. These lawsuits are often varied in their form, and eccentric in their content, but frequently share a common, frivolous quality.

So it is in the instant case. While the nature of Walsh's legal claim is murky, and the factual background of this lawsuit is somewhat obscure, Walsh's 3-page complaint describes the plaintiff as a "pro se stakeholder, citizen, resident, customer, and taxpayer, " and as a "side bar" states that he is the "founder of Occupy Wall Street, spiritual awaking of the children of the son, the most high, just thought you

would want to know." (Doc. 1.) From this grandiose height, the complaint then descends into an indecipherable chaos. Walsh alleges that he is suing a wide array of corporate defendants for failing to use recyclable cardboard containers for their goods and seeks damages of $1,000,000,000. Beyond a single passing reference to false claims, negligence, implied warranties and the federal racketeering statute, no legal basis for this eccentric claim is cited by Walsh and we can find no support in law or fact for this novel proposition that the plaintiff may sue much of corporate America to compel it to use cardboard packaging and pay him $1,000,000,000.

Along with this complaint the plaintiff filed a motion for leave to proceed *in forma pauperis*, which has been granted, but having carefully reviewed this complaint, we conclude that the pleading fails to state a claim upon which relief can be granted. Accordingly, for the reasons set forth below, it is recommended that the complaint be dismissed.

    II.    **Discussion**

        A.    **Legal Standards Governing Sufficiency of Civil Complaints**

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6)

of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted. This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).[1]

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more

---

[1] The same statute also directs the *sua sponte* dismissal of lawsuits brought by *pro se* litigants who are proceeding *in forma pauperis* to the extent such suits are frivolous or malicious, 28 U.S.C. § 1915(e)(2)(B)(I), or where they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii). By any measure, Walsh's complaint should be dismissed because it runs afoul of each of these statutory provisions.

heightened form of pleading, requiring a p[arty] to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... p[arty] can prove facts that the ... p[arty] has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a party must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of <u>Twombly</u>, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u> at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Id.</u> at 679.

Thus, following <u>Twombly</u> and <u>Iqbal</u> a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the party's claimed right to relief beyond the level of

mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The district court must accept all of the . . . well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged . . . are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the p[arty's] entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a p[arty] must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

>(a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

In this regard, one of the basic requisites for a civil complaint is that it must recites some essential facts tying the defendants to some alleged misconduct. This fundamental requirement is driven both by matters of principle, and by pragmatic considerations. As a matter of principle and practice, a basic factual recital is essential in a complaint because it is simply impossible without such averments to properly assign individual responsibility to a particular defendant without some factual description of what has transpired. Therefore, it is incumbent upon a plaintiff to describe who he seeks to sue, and what these parties did that violated the plaintiff's rights. When a plaintiff fails in this basic responsibility, it is the duty of the court to dismiss his claims. See, e.g., Moss v. United States, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint); Radin v. Jersey City Medical Center, 375 F.

App'x 205 (3d Cir. 2010); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of Philadelphia Police, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) dismissing illegible complaint). Further, in order to satisfy the strictures of Rule 8, a complaint must also contain a coherent prayer for relief, demanding relief from a defendant that lies within the power of the defendant to provide. See Klein v. Pike Cnty. Comm'rs, CIV.A. 11-278, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011)(failure to articulate a prayer for relief compels dismissal); Snyder v. Snyder, 4:12-CV-105, 2012 WL 512003 (M.D. Pa. Jan. 24, 2012) report and recommendation adopted, 4:12-CV-105, 2012 WL 511993 (M.D. Pa. Feb. 15, 2012)(same).

Judged against these legal benchmarks, for the reasons set forth below, Walsh's complaint is fatally flawed and should be dismissed.

  **B. The Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can be Granted**

In this case, our screening review reveals that Walsh's pleadings fail as a civil rights action on a host of grounds.

First, Walsh's complaint violates the basic rule of pleading which requires that "a district court . . . determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 210-11. In addition, dismissal of this complaint is also warranted because the complaint fails to comply with Rule 8's basic injunction that: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."

Dismissal of this complaint is appropriate for several reasons. At the outset, it is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is also largely unintelligible," Stephanatos v. Cohen, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate. See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008);

Stephanatos v. Cohen. supra; Scibelli v. Lebanon County, supra; Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n.1 (5th Cir. 2005). Furthermore, dismissal under Rule 8 is proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action];" Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. Tillio v. Spiess, No. 11-1276, 2011 WL 3346787 (Aug. 4, 2011). Here, Walsh's pleadings fail to satisfy these basic minimal pleading standards. Indeed, these pleadings set forth no well-pleaded, or intelligible, factual narrative thread giving rise to civil liability. In a case such as this where these pleadings would leave "the defendants having to guess what of the many things discussed constituted [a cause of action]," Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011), dismissal of this complaint is fully warranted.

Second, the complaint is subject to dismissal because it presents a cause of action that "relies on 'fantastic or delusional scenarios.' Neitzke v. Williams, 490 U.S. 319, 328, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)." DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir. 2009). Furthermore, we are obliged to "*sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously

frivolous, ... plainly unsubstantial, ... or no longer open to discussion.' Hagans v. Lavine, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (internal citations and quotation marks omitted). There is no question that [these] claims meet this standard, as they rely on fantastic scenarios lacking any arguable factual basis." DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir. 2009).

  Third, the federal False Claims Act, 31 U.S.C. §3730, a statute cited by Walsh in support of his complaint, has absolutely no application here. The federal False Claims Act, 31 U.S.C. §3729, *et seq*., is a federal statute that permits whistle-blowers to come forward as plaintiff-relators, reporting instances in which someone has allegedly profited by making false claims against an agency of the United States government. Upon notice from a relator, the government may then investigate and elect to pursue the claim, in which case the relator who has brought the matter to the attention of the government is entitled to recoup some portion of the moneys recovered by the United States. In other instances, where the Government declines to intervene, a plaintiff-relator may pursue a claim on her own in the name of the United States, and, if successful on that claim, recoup a portion of the moneys recovered. Nothing in Walsh's complaint recites facts which would support any colorable claim against these defendants under the False Claims Act.

Fourth, beyond labeling the failure of these companies to use cardboard packaging as a RICO racketeering violation, Walsh's complaint is devoid of any well-pleaded factual allegations which would support these serious claims. These deficiencies in the plaintiff's complaint are particularly glaring since the rules governing specificity of pleading in federal court apply with particular force to civil RICO claim. With respect to civil RICO claims, the level of pleading specificity required in a complaint is clear. As the United States Court of Appeals for the Third Circuit has observed:

> In order to plead a [civil] violation of RICO, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. A pattern of racketeering activity requires at least two predicate acts of racketeering. *See* 18 U.S.C. § 1961(5). These predicate acts of racketeering may include, *inter alia,* federal mail fraud under 18 U.S.C. § 1341 or federal wire fraud under 18 U.S.C. § 1343. *See* 18 U.S.C. § 1961(1). The federal mail and wire fraud statutes prohibit the use of the mail or interstate wires for purposes of carrying out any scheme or artifice to defraud. *See* 18 U.S.C. §§ 1341, 1343. " 'A scheme or artifice to defraud need not be fraudulent on its face, but must involve some sort of fraudulent misrepresentation or omission reasonably calculated to deceive persons of ordinary prudence and comprehension.' " Where, . . ., plaintiffs rely on mail and wire fraud as a basis for a RICO violation, the allegations of fraud must comply with Federal Rule of Civil Procedure 9(b), which requires that allegations of fraud be pled with specificity. In order to satisfy Rule 9(b), plaintiffs must plead with particularity "the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." Plaintiffs may satisfy this requirement by pleading the "date, place or time" of the fraud, or

through "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Plaintiffs also must allege who made a misrepresentation to whom and the general content of the misrepresentation*.

Lum v. Bank of America, 361 F.3d 217, 223-4 (3d Cir. 2004)(citations omitted, emphasis added).

Thus, "[p]ursuant to Rule 9(b), a plaintiff averring a claim in fraud must specify ' "the who, what, when, where, and how: the first paragraph of any newspaper story."' Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir.1999) (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir.1990)). 'Although Rule 9(b) falls short of requiring every material detail of the fraud such as date, location, and time, plaintiffs must use "alternative means of injecting precision and some measure of substantiation into their allegations of fraud."' In re Rockefeller Ctr. Props. Secs. Litig., 311 F.3d 198, 216 (3d Cir.2002) (quoting In re Nice Sys., Ltd. Secs. Litig., 135 F.Supp.2d 551, 577 (D.N.J.2001), emphasis supplied)." Animal Science Products, Inc. v. China Nat. Metals & Minerals Import & Export Corp., 596 F.Supp.2d 842, 878 (D.N.J.,2008).

In this case, Walsh's complaint–which simply labels the packaging practices of these businesses as a pattern of racketeering activity without any factual support –plainly does not meet the pleading standards required for civil RICO claims. In fact, at present, without the inclusion of some further well-pleaded factual allegations, this

13

count of the amended complaint contains little more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which as a legal matter] do not suffice." Ashcroft v. Iqbal, supra 127 S.Ct. at 1979

Finally, Walsh's factually unsupported demand for $1,000,000,000 in unliquidated damages is improper. Rule 12(f) of the Federal Rules of Civil Procedure imposes a duty on the Court to review pleadings and provides that the Court may upon its own initiative at any time order stricken from any pleading any immaterial matter. Fed. R. Civ. P. 12(f). Decisions regarding whether claims may be stricken from a complaint are properly presented to a United States Magistrate Judge for determination in the first instance. Singh v. Superintending School Committee of the City of Portland, 593 F. Supp. 1315 (D. Me. 1984). In this case, the plaintiff's claim for a specified amount of unliquidated damages, $20,000,000,000, violates Local Rule 8.1 which provides, in part, that: "The demand for judgment required in any pleading in any civil action pursuant to Fed.R.Civ.P. 8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief *but shall not claim any specific sum where unliquidated damages are involved.* The short plain statement of jurisdiction, required by Fed.R. Civ.P.8(a)(1), shall set forth any amounts needed to invoke the jurisdiction of the court but no other." Local Rule 8.1 (emphasis added). Since this prayer for relief violates Local Rule 8.1 by specifying a particular amount

14

of unliquidated damages, it is further recommended that this specific dollar claim be stricken from the complaint.

We recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, the current complaint fails to state a viable civil rights cause of action for reasons that are fundamental and cannot, in our view, be corrected through more artful pleading. Since the plaintiff cannot readily correct the deficiencies identified in the complaint, and the factual and legal grounds proffered in support of the complaint make it clear that the plaintiffs have no right to relief in federal court at this time, granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Therefore, it is recommended that the complaint be dismissed without further leave to amend.

Finally, we note that Walsh has over the past several years filed dozens of increasingly bizarre and frivolous complaints with this Court. This pattern of frivolous filings has continued unabated despite numerous admonitions from this

Court. Indeed, Walsh pattern of frivolous filings has actually accelerated in volume, venom and vehemence over time while, sadly, declining in coherence and rationality.[2]

---

[2] A partial list of these frivolous filings includes the following civil actions filed within the past year: 3:15-CV-1103,Walsh v. Walsh et al filed 06/05/15 closed 08/13/15;3:15-CV-02012-ARC Walsh v. Walsh et al filed 10/16/15 closed 11/12/15 3:15-CV-02122-RDM Walsh v. Summers et al filed 11/05/15 closed 02/11/16 3:15-CV-02313-MEM Walsh v. Corbett filed 12/02/15 closed 12/02/15 3:15-mc-00452-RDM Walsh v. Verrilli filed 10/05/15 closed 07/26/16 3:16-CV-00503-RDM Walsh v. DeNaples et al filed 03/24/16 closed 05/17/16 3:16-CV-00834-ARC Walsh v. Greater Scranton Young Mens Christian Association et al filed 05/10/16 closed 05/20/16 3:16-CV-00872-RPC Walsh v. Rite Aid et al filed 05/13/16 closed 07/20/16 3:16-CV-00950-ARC Walsh v. Munley filed 05/20/16 closed 06/21/16 3:16-CV-00998-RPC Walsh v. Bambera, et al filed 05/26/16 closed 06/17/16 3:16-CV-01234-NQA Walsh v. Conaboy et al filed 06/22/16 closed 07/12/16 3:16-CV-01429-EMK Walsh v. Conaboy et al filed 07/13/16 closed 07/25/16 3:16-CV-01430-EMK Walsh v Wilding, et al filed 07/11/16 closed 08/02/16 3:16-CV-01440-EMK Walsh v. Pascal et al filed 07/13/16 closed 07/25/16 3:16-CV-01460-EMK Walsh v. Alejandro filed 07/18/16 closed 07/27/16 3:16-CV-01462-EMK Walsh v. Stark, 3:16-CV-01112-ARC Walsh v. Cardonick et al filed 06/10/16 closed 07/08/16 3:16-CV-01223-EMK Walsh v. Deleeum filed 06/21/16 closed 07/20/16 3:16-CV-01269-NQA Walsh v. Mariani et al filed 06/23/16 closed 07/12/16 3:16-CV-01422-EMK Walsh v. Saporito et al filed 07/08/16 closed 08/09/16 3:16-CV-01445-EMK Walsh v. McKee et al filed 07/13/16 closed 07/25/16 3:16-CV-01452-EMK Walsh v. The Lynett Family filed 07/14/16 closed 07/27/16 3:16-CV-01472-EMK Walsh v. Harhut et al filed 07/19/16 closed 07/22/16 3:16-CV-01494-EMK Walsh v. Barrasse et al filed 07/20/16 closed 07/28/16 3:16-cv-01495-EMK Walsh v. American Water et al filed 07/21/16 closed 07/29/16 3:16-CV-01498-EMK Walsh v. Fuentes et al filed 07/21/16 closed 07/29/16 3:16-CV-01560-SHR Walsh v. Brazil et al filed 07/27/16 closed 08/01/16.

This Court is not powerless to address this blizzard of erratic, frivolous and vexatious filings. Quite the contrary, we have an affirmative responsibility to ensure that the courts do not become encumbered with repeated, random, meritless matters filed litigants who are unable or unwilling to comply with the requirements prescribed by the law. In such instances, provided that the litigant is given prior notice and an opportunity to be heard, it is well settled that the Court possesses the inherent authority to limit a frivolous filer's opportunities to burden the legal system with meritless filings, by requiring a frivolous filer to obtain the prior approval of the Court before lodging any new complaints relating to the same subject matter of past frivolous litigation. See e.g., Chipps v. U.S.D.C. for the M.D. of Pa., 882 F.2d 72, 73 (3d Cir. 1989); Gagliardi v. McWilliams, 834 F.2d 81 (3d Cir. 1987); In re Oliver, 682 F.2d 443 (3d Cir. 1982).

In this case, the steady decline in the rationality of Walsh's filings, coupled with the dramatic increase in the volume of these filings, suggests that the Court should now provide Walsh with notice that his future filing opportunities may be limited and an opportunity to be heard on this issue.[3]

---

[3]If the district court wishes to follow this course these show cause proceedings could be referred to the undersigned for the preparation of a Report and Recommendation. See In re Allen, 248 F. App'x 874, 876 (10th Cir. 2007).

### III. <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the complaint be dismissed for the failure to state a claim upon which relief can be granted.  IT IS FURTHER RECOMMENDED that a show cause order issue placing Walsh on notice that the Court is considering limiting this frivolous filer's opportunities to burden the legal system with meritless filings, by requiring Walsh to obtain the prior approval of the Court before lodging any new complaints relating to the same subject matter of past frivolous litigation, and giving Walsh an opportunity to be heard on this proposed course of action.

> The plaintiff is further placed on notice that pursuant to Local Rule 72.3:
>
> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 12th day of August 2016.

              ***S/Martin C. Carlson***
              Martin C. Carlson
              United States Magistrate Judge